**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| GERARD P. GRAHAM | |
| Appellant | No. 1561 MDA 2016 |

Appeal from the Judgment of Sentence August 22, 2016
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0000613-2016

---

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| GERARD P. GRAHAM | |
| Appellant | No. 1562 MDA 2016 |

Appeal from the Judgment of Sentence August 22, 2016
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0003420-2016

BEFORE:  PANELLA, J., OTT, J., and MUSMANNO, J.

MEMORANDUM BY OTT, J.:                                    **FILED APRIL 06, 2017**

Gerald P. Graham appeals from the judgment of sentence imposed August 22, 2016, in the Berks County Court of Common Pleas.  The trial court sentenced Graham to an aggregate term of two and one-half to five years' imprisonment, following his negotiated guilty plea, in two separate

cases,[1] to charges of firearms not to be carried without a license, possession with intent to deliver ("PWID") controlled substances, and possession of controlled substances.[2]   Contemporaneous with this appeal, Graham's counsel seeks to withdraw from representation and has filed an *Anders* brief,[3] which identifies two issues on appeal:   (1) a request to withdraw Graham's guilty plea, and (2) a challenge to the ineffectiveness of prior counsel.   For the reasons below, we affirm the judgment of sentence and grant counsel's petition to withdraw.

The relevant facts underlying these appeals, as gleaned from the affidavits of probable cause, are as follows.   On January 20, 2016, Graham was stopped for a motor vehicle violation, and subsequently found to be in possession of a loaded firearm, synthetic marijuana, and promethazine.[4] He did not have a license to carry a firearm.   Graham was charged at Docket 613-2016 with firearms not to be carried without a license, possession of controlled substances (two counts), and two summary vehicle code

---

[1] By order dated October 11, 2016, this Court consolidated these appeals *sua sponte*.  *See* Order, 10/11/2016.

[2] *See* 18 Pa.C.S. § 6106(a)(1), and 35 P.S. §§ 780-113(a)(30) and (a)(16), respectively.

[3] *See Anders v. California*, 386 U.S. 738 (1967); *Commonwealth v. McClendon*, 434 A.2d 1185 (Pa. 1981).

[4] Promethazine is a prescription drug used to treat opioid addiction.  *See* Docket No. 613 – 2016, Criminal Complaint, 3/8/2016, at 7-8.

violations.[5]  On June 6, 2016, Graham was sitting in his parked vehicle when officers responding to an unrelated call detected an odor of synthetic marijuana emanating from his vehicle.  After further investigation, the officers found synthetic marijuana and drug paraphernalia in the vehicle.  As a result of this incident, Graham was charged at Docket No. 3420-2016 with PWID, possession of controlled substances, and possession of drug paraphernalia.[6]

On August 22, 2016, Graham entered a negotiated guilty plea in both cases.  At Docket No. 613-2016, he pled guilty to one count each of firearms not to be carried without a license and possession of controlled substances, and at Docket No. 3420-2015, he entered a guilty plea to one count of PWID.  In exchange for the plea, the Commonwealth agreed to a standard range sentence of two and one-half to five years' imprisonment for the firearms charge, and concurrent standard range sentences for the drug offenses.  The trial court imposed the negotiated sentence that same day.[7]

---

[5] **See** 18 Pa.C.S. § 6106(a)(1), 35 P.S. § 780-113(a)(16), and 75 Pa.C.S. §§ 3334(a) (turning movements and required signals) and 4524(e)(i) (sun screening obstruction), respectively.

[6] **See** 35 P.S. §§ 780-113(a)(30), (a)(16), and (a)(32).

[7] Specifically, Graham was sentenced to concurrent terms of one to five years' imprisonment for PWID and six to 24 months' imprisonment for simple possession.

On August 31, 2016, Graham filed a *pro se* petition for reconsideration/modification of his sentence, asserting that his guilty plea was coerced by counsel. However, since Graham was still represented by plea counsel, the trial court did not consider the petition, but rather, forwarded it to counsel. Thereafter, on September 6, 2016, Graham filed a *pro se* letter in the trial court, requesting the court allow him to withdraw his guilty plea and appoint new counsel. Again, the court forwarded the letter to counsel.

Thereafter, plea counsel requested permission to withdraw based on Graham's allegations of ineffectiveness. The court granted the request on September 6, 2016, and promptly appointed conflict counsel. On September 22, 2016, conflict counsel filed a post-sentence motion *nunc pro tunc*, challenging the discretionary aspects of his sentence and the ineffectiveness of plea counsel. The same day, counsel filed a notice of appeal to preserve Graham's direct appeal rights. The next day, the trial court denied counsel's request to proceed *nunc pro tunc*.[8]

When counsel files a petition to withdraw and accompanying **Anders** brief, we must first examine the request to withdraw before addressing any

---

[8] On October 11, 2016, the trial court ordered Graham to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Counsel responded on October 19, 2016, by filing a statement of his intent to file an **Anders** brief in lieu of a Rule 1925(b) statement. **See** Pa.R.A.P. 1925(c)(4).

of the substantive issues raised on appeal. *Commonwealth v. Bennett*, 124 A.3d 327, 330 (Pa. Super. 2015). Here, our review of the record reveals counsel has substantially complied with the requirements for withdrawal outlined in *Anders*, *supra*, and its progeny. Specifically, counsel requested permission to withdraw based upon her determination that the appeal is "wholly frivolous,"[9] filed an *Anders* brief pursuant to the dictates of *Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009), furnished a copy of the *Anders* brief to Graham and advised Graham of his right to retain new counsel or proceed *pro se*. *Commonwealth v. Cartrette*, 83 A.3d 1030, 1032 (Pa. Super. 2013) (*en banc*). Moreover, our review of the record reveals no correspondence from Graham supplementing the *Anders* brief. Accordingly, we will proceed to examine the record and make an independent determination of whether the appeal is wholly frivolous.

The first issue identified in counsel's *Anders* brief asserts that Graham's guilty plea was "involuntary" due to the ineffectiveness of preliminary hearing and plea counsel. *See Anders* Brief at 10. Specifically, Graham argues if preliminary hearing counsel had a court stenographer transcribe the hearing, "guilty plea counsel would have been able to detect the inconsistent averments in the police criminal complaint that were

---

[9] *See* Petition to Withdraw as Counsel, 12/1/2016, at ¶ 10.

inconsistent with later police statements." *Id.* Furthermore, he claims plea counsel "coerced" him into accepting a guilty plea by the following actions:

> [counsel] advis[ed] him that the pretrial motion would have been unsuccessful (which he now disputes) and further [] she emotionally coerced him by telling him his girlfriend thought he should take a plea (which he believes his girlfriend did not say).

*Id.*

We find Graham's challenge to his guilty plea is waived due to his failure to contest the voluntariness of the plea either during the plea colloquy or in a timely filed post-sentence motion. As this Court has explained:

> A defendant wishing to challenge the voluntariness of a guilty plea on direct appeal must either object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing. Pa.R.Crim.P. 720(A)(1), (B)(1)(a)(i). Failure to employ either measure results in waiver. *Commonwealth v. Tareila*, 895 A.2d 1266, 1270 n. 3 (Pa.Super.2006).

*Commonwealth v. Lincoln*, 72 A.3d 606, 609–610 (Pa. Super. 2013), *appeal denied*, 87 A.3d 319 (Pa. 2014).

We note, however, that Graham's counsel did attempt to preserve this claim by requesting permission from the trial court to file a post-sentence motion *nunc pro tunc*.

> To be entitled to file a post-sentence motion *nunc pro tunc*, a defendant must, within 30 days after the imposition of sentence, demonstrate sufficient cause, i.e., reasons that excuse the late filing. … When the defendant has met this burden and has shown sufficient cause, the trial court must then exercise its discretion in deciding whether to permit the defendant to file the post-sentence motion *nunc pro tunc*. If the trial court chooses to

permit a defendant to file a post-sentence motion *nunc pro tunc*, the court must do so expressly.

***Commonwealth v. Dreves***, 839 A.2d 1122, 1128 (Pa. Super. 2003) (*en banc*) (footnote omitted). Here, the trial court denied *nunc pro tunc* relief, and, accordingly, this claim is not preserved for our review.[10]

The second issue identified in the ***Anders*** brief asserts the ineffectiveness assistance of prior counsel. Specifically, Graham alleges prior counsel: (1) failed to employ a stenographer at the preliminary hearing; (2) withdrew a pretrial motion at Docket No. 613-2016; (3) lied when she told him his girlfriend wanted him to enter a guilty plea; (4) improperly caused delay in his case; (5) failed to recognized his "original complaints may have been tampered with or contained averments

---

[10] In the ***Anders*** brief, counsel asks this Court to address Graham's guilty plea challenge on the merits based on Graham's *pro se* filing and dissatisfaction with plea counsel. However, we remind counsel that a *pro se* motion filed while a defendant is still represented by counsel is "a nullity, having no legal effect." ***Commonwealth v. Nischan***, 928 A.2d 349, 355 (Pa. Super. 2007), *appeal denied*, 936 A.2d 40 (Pa. 2007).

Moreover, even if we were to consider Graham's argument, we would conclude he is entitled to no relief. In his written plea colloquies, Graham acknowledged that he was "pleading guilty of [his] own free will." Statements Accompanying Defendant's Request to Enter a Guilty Plea, 8/22/2016, Docket Nos. 613-2016 and 3420-2016, at ¶ 15. Further, during the oral colloquy, Graham stated that (1) he prepared and signed the written plea colloquies, (2) "everything" in the documents was true, and (3) he was "satisfied with the services [he] received from [his] attorney[.]" N.T., 8/22/2016, at 5. "A defendant is bound by the statements made during the plea colloquy, and a defendant may not later offer reasons for withdrawing the plea that contradict statements made when he pled." ***Commonwealth v. Brown***, 48 A.3d 1275, 1277 (Pa. Super. 2012), *appeal denied*, 63 A.3d 773 (Pa. 2013).

inconsistent with later police statements[;]" and (5) coerced him into entering an involuntary plea. **Anders** Brief at 5.

However, it is well-established that ineffectiveness claims must be deferred until collateral review. In **Commonwealth v. Holmes**, 79 A.3d 562 (Pa. 2013), the Pennsylvania Supreme Court reaffirmed the general rule first set forth in **Commonwealth v. Grant**, 813 A.2d 726 (Pa. 2002), that "claims of ineffective assistance of counsel are to be deferred to PCRA review; trial courts should not entertain claims of ineffectiveness upon post-verdict motions; and such claims should not be reviewed upon direct appeal." **Holmes**, **supra**, 79 A.3d at 576. Although the **Holmes** Court recognized two exceptions to that general rule, neither is applicable here.[11] Accordingly, we dismiss Graham's ineffectiveness claims as premature, without prejudice to him to raise them in a timely collateral proceeding. **See also Commonwealth v. Reid**, 117 A.3d 777, 787 (Pa. Super. 2015) (finding ineffectiveness claims raised on direct appeal were premature pursuant to **Holmes**).

---

[11] The **Holmes** Court limited those exceptions to the following: (1) where the trial court determines that a claim of ineffectiveness is "both meritorious and apparent from the record so that immediate consideration and relief is warranted[;]" or (2) where the trial court finds "good cause" for unitary review, and the defendant makes a "knowing and express waiver of his entitlement to seek PCRA review from his conviction and sentence, including an express recognition that the waiver subjects further collateral review to the time and serial petition restrictions of the PCRA." **Holmes**, **supra**, 79 A.3d at 564, 577 (footnote omitted).

Accordingly, because we agree with counsel's assessment that Graham's appeal is wholly frivolous, we affirm the judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw as counsel granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/6/2017